[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12135
_____

D.C. Docket No. 9:10-cv-80804-JIC

PRUCO LIFE INSURANCE COMPANY,

Plaintiff/Counter-Defendant/Appellee,

versus

WELLS FARGO BANK, N.A.,
as Securities Intermediary,

Defendant/Counter-Claimant/Appellant.

_____

No. 13-15859
_____

D.C. Docket No. 1:12-cv-24441-FAM

PRUCO LIFE INSURANCE COMPANY,

Plaintiff/Appellant,

versus

U.S. BANK, N.A.,
as Securities Intermediary,

Defendant/Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 25, 2017)

Before TJOFLAT and JULIE CARNES, Circuit Judges, and DUBOSE[*], District Judge.

PER CURIAM:

These consolidated appeals require us to determine the validity of two individuals' Stranger-Originated Life Insurance ("STOLI") policies that the issuing insurance company sought to have invalidated several years after their issuance. Arguing that the policies were invalid, the insurance company relied on a Florida statute that requires a person who procures life insurance to have an insurable interest in the life of the insured at the inception of the policy.[1]  The insurance company contends that no such interest is present when a STOLI policy is purchased and accordingly such policies should be considered void *ab initio*.  The owners of the policies relied on a second Florida statute that requires all insurance

---

[*] Honorable Kristi K. DuBose, United States District Judge for the Southern District of Alabama, sitting by designation.

[1]  Fla. Stat. § 627.404.

2

policies to include a clause providing that the policy is incontestable after it has been "in force" for two years.[2]  The policies at issue in this consolidated appeal contained such a clause, and the insurance company clearly failed to contest the policies within that two-year window.

Thus, the question before this Court was whether an insurance company can contest a STOLI policy that has been in force for more than two years.  Given the absence of any controlling Florida precedent and the inconsistent answers provided by district courts within our circuit, we certified the following questions to the Supreme Court of Florida:

1. Can a party challenge an insurance policy as being void *ab initio* for lack of the insurable interest required by Fla. Stat. § 627.404 if that challenge is made after expiration of the two-year contestability period mandated by Fla. Stat. § 627.455?

2. Assuming that a party can do so, does Fla. Stat. § 627.404 require that an individual with the required insurable interest also procure the insurance policy in good faith?

*See Pruco Life Ins. Co. v. Wells Fargo Bank, N.A.,* 780 F.3d 1327, 1336 (11th Cir. 2015).

We indicated that the phrasing of the above questions should not restrict the Florida Supreme Court's consideration of the issues presented in these appeals.  In providing an answer, the Florida Supreme Court determined that with a STOLI

---

[2]  Fla. Stat. § 627.455.

3

policy like the two policies at issue in this consolidated appeal, an insurable interest exists in the life of the insured at the inception of the policy, as required by Florida Statute § 627.404.  That being so, the Florida Supreme Court indicated that these policies became incontestable within two years from their issuance, as provided in Florida Statute § 627.455.  *Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.,* 200 So.3d 1202, 1206 (2016).  The court stated:

> Because STOLI policies like the Berger and Guild policies at issue have the insurable interest required by section 627.404(1) at their inception, they become incontestable two years after their issuance under the plain language of section 627.455.  Accordingly, we rephrase the questions certified by the Eleventh Circuit into the following question:
>
>> Can a party challenge the validity of a life insurance policy after the two-year contestability period established by section 627.455 because of its creation through a STOLI scheme?
>
> We answer this rephrased question in the negative and return this case to the Eleventh Circuit.

*Id.* at 1206–07.

We thank the Florida Supreme Court for its guidance.  In light of its response, we **AFFIRM** the entry of judgment for U.S. Bank as to the Guild policy, Appeal No. 13-15859, District Court No. 1:12-cv-24441-FAM.  We **REVERSE** the entry of judgment for Pruco Life Insurance Company as to the Berger policy,

4

Appeal No. 13-12135, District Court No. 9:10-cv-80804-JIC, and remand for

proceedings consistent with this opinion.